KEVIN T. COLLINS - SBN 185427
M. THERESA TOLENTINO MEEHAN – SBN 204112
ANGELA L. DIESCH – SBN 256253
GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA  95814-3938
Telephone:  (916) 442-1111
Facsimile:  (916) 448-1709
collinskt@gtlaw.com
meehant@gtlaw.com
diescha@gtlaw.com

Attorneys for Defendant
Dana Companies, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| STONINGTON INSURANCE COMPANY,<br><br>       Plaintiff,<br><br>v.<br><br>DANA COMPANIES LLC; and DOES 1 through 50, inclusive,<br><br>       Defendants. | CASE NO.  2:10-cv-01372 FCD-EFB<br><br>STIPULATION AND PROTECTIVE ORDER |

STIPULATION AND PROTECTIVE ORDER

WHEREAS, the parties recognize that preparation and trial of this action will require the discovery of records and other materials from defendant Dana Corporation which contain confidential business, commercially sensitive or proprietary information that cannot be disclosed, except in a highly restricted fashion. The parties desire to litigate this action without jeopardizing Dana Corporation's business, commercial or proprietary interests in the confidentiality of this information; and

WHEREAS, the parties have agreed that a Protective Order should govern the production and use of Dana Corporation's confidential business, commercially sensitive or proprietary information.

NOW THEREFORE, Plaintiff, Stonington Insurance Company, and Defendant Dana Companies LLC, by and through their counsel, stipulate as follows:

1. Dana Corporation shall have the right to designate as "CONFIDENTIAL" any document, interrogatory answer, response to request for admission, deposition or other testimony that it gives or produces in this case, provided that it concerns, non public information, including design and manufacturing records, research and development information, commercial information relating to competitive consideration, or any other non-public, proprietary or confidential business information. Any documents or information designated as "CONFIDENTIAL" (hereinafter "Confidential Material") shall have the legend "CONFIDENTIAL" placed on it and thereafter shall be treated pursuant to the provisions of this Stipulated Protective Order.

2. This Stipulated Protective Order shall govern Confidential Material produced or disclosed by Dana Corporation in response to formal or informal discovery conducted in this matter. Nothing in this Stipulated Protective Order shall be deemed to preclude Dana Corporation's right to:

(a) oppose discovery on grounds not addressed under the terms of this Stipulated Protective Order; or

     (b)    object on any ground to the admission of any Confidential Material into evidence at trial or in law and motion matters. Further, nothing contained in this Stipulated Protective Order shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the Confidential Material sought.

     3.    Confidential Material shall be used by the parties and their counsel solely for the purpose of conducting the above-captioned litigation and shall not be communicated at any time, in any manner, directly or indirectly, to anyone other than a person qualified under the terms of this Stipulated Protective Order, as set forth in paragraph 4, below.  The attorneys of record for the parties are responsible for employing adequate and reasonable measures to ensure compliance with this Stipulated Protective Order.

     4.    Prior to trial, access to Confidential Material and to the information contained therein (including extracts and summaries derived from such material) shall be restricted to the following Qualified Persons:

     a.    The attorneys working on this action on behalf of the parties, and their employees or agents working on this action;

     b.    The parties, their employees, officers and agents who are working on this action and whose assistance is required in the preparation of this matter for trial;

     c.    Experts and consultants who are employed or retained by any of the parties or their counsel, provided that they may not retain the Confidential Material after that use has ended, and further provided that such experts and consultants are advised of the existence of this Stipulated Protective Order and given an opportunity to read it, and agree to treat such Confidential Material in accordance with its terms;

     d.    Deposition witnesses, provided that they are advised of the existence of this Stipulated Protective Order and given an opportunity to read it, and agree to treat such Confidential Material in accordance with its terms;

     e.    The Court and its support personnel and court reporters; and

    f. Any person designated by mutual agreement of the parties, or by the court in the interest of justice, upon such terms as the court may deem proper.

  5. Access to Confidential Material shall not be given to any other person or entity not specifically described above, including to members of the general public or other attorneys. However, nothing in this Stipulated Protective Order shall prohibit Dana Corporation from utilizing the Confidential Material as it deems necessary and appropriate, and any such use by Dana Corporation shall not destroy the confidentiality of the Confidential Material in question.

  6. Qualified persons shall not include any organization or entity, or any representative thereof that regularly maintains and/or disseminates documents or information regarding documents, including abstracts or summaries, or any other records as a service to its members, subscribers, or others.

  7. All Confidential Material shall be used for the purpose of this lawsuit only. No Confidential Material will be produced, disclosed, or otherwise utilized in any other litigation, whether or not that litigation involves parties to this case.

  8. Under no circumstances shall access to Confidential Material be granted to any employee of any competitor of Dana Corporation, or any person who has been affiliated with, employed by, or consulted with a competitor (or an entity in privity with a competitor) of Dana Corporation.

  9. The inadvertent failure of Dana Corporation to designate discovery material as Confidential Material at the time of production shall not constitute a waiver of Dana's claim to confidentiality as long as Dana promptly designates such material as Confidential Material under the protection of this Stipulated Protective Order. The recipient of such documents agree to cooperate with the producing party to remedy any inadvertent disclosure.

  10. In the event that any Confidential Material is in any way disclosed in any pleading, motion, deposition transcript, videotape, exhibit, photograph, or other material filed with any court, the Confidential Material shall be filed in an attached sealed separate envelope containing the style of the case marked "CONFIDENTIAL MATERIAL Protected by Court Order," dated and kept under seal by the clerk of that court until further court order. Such

Confidential Material shall, however, remain available to personnel authorized by that court and to authorized persons.  When practicable, however, only the confidential portion of the pleadings filed with the court will be filed in a separate sealed envelope.  If any Confidential Material is furnished to any court by any party, a duplicate copy with the discrete Confidential Material deleted may be substituted in the public record, if appropriate.

11. If any Confidential Material is used or referred to during any deposition, counsel for Dana Corporation, as appropriate, may require that only its representatives, authorized persons, the deponent, the court reporter, and the camera operator (if the deposition is videotaped) shall be present for the portion of the deposition dealing with Confidential Material. Counsel for Dana Corporation may state on the record at the deposition, that the deposition includes information claimed to be Confidential Material.  Within thirty (30) days of receipt of the completed deposition transcript, counsel for Dana Corporation shall designate by page and line the portions for which such claim is made, and give written notice of this designation to the court reporter and all other parties.  This designation shall be placed on the first page in the original and all copies of the deposition by the court reporter and by counsel for the parties.  Pending such designation, the deposition and all exhibits shall be treated in its entirety as Confidential Material. Those portions of the deposition which are designated as Confidential Material shall be bound separately under seal and prominently marked "Confidential Material subject to Stipulated Protective Order." The portions of each deposition so designated shall be returned to trial counsel for Dana Corporation upon final termination of this action.

12. A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and its failure to do so shall not preclude a subsequent  challenge to such a designation.  If a party believes that a document or information designated or sought to be designated confidential by the producing party does not warrant such designation, it shall first make a good faith effort to resolve such dispute with opposing counsel.  In the event that such dispute cannot be resolved by the parties, plaintiff has the burden to apply to the Court for

a determination as to whether the designation is appropriate.  The document or information shall be treated as confidential until the Court resolves the matter.

13. This Stipulated Protective Order does not cover Confidential Material admitted at trial in this matter.  However, Dana Corporation may seek Court assistance to place such documents or information under seal or otherwise protect the same from public disclosure, including requesting an order requiring return of any such documents.  The use or admission of Confidential Material at trial shall not affect the right of Dana Corporation to designate the same or similar materials as Confidential Material in any other or subsequent litigation, civil action or proceeding.

14. Within thirty (30) days from and subsequent to the conclusion of this litigation, including any appeals, either (a) by compromise settlement, (b) by stipulated dismissal, (c) by entry of judgment, or (d) by conclusion of any appeals, whichever shall occur first, all Confidential Material and all copies, summaries, or excerpts thereof, shall be returned to counsel for Dana Corporation.  Counsel for each party shall recover all Confidential Material from Qualified Persons to whom they distributed such materials during the litigation and return such documents to counsel for Dana Corporation and certify in a Declaration or other writing submitted under penalty of perjury, that all Confidential Material has been recovered and returned.

15. In the event that any recipient of Confidential Material is served with a subpoena, document requests or other request for the production of Confidential Material, such recipient shall assert the existence of this Stipulated Protective Order and object to the production of such documents.  The recipient of the request shall immediately notify counsel for the producing party and cooperate with producing party's counsel's attempt to quash or prevent such disclosure.

16. This Stipulated Protective Order shall survive the termination of this litigation and the Court shall retain jurisdiction over the parties, their attorneys, experts, agents and employees, to enforce the provisions hereof and/or modify or vacate this Stipulated Protective Order.

17. This Stipulated Protective Order represents a valid and binding agreement of the parties effective as of the date executed by their authorized representatives.

18. This Stipulated Protective Order shall not be used in any proceeding as evidence that the parties agree to its justification or necessity. This Stipulated Protective Order is merely a vehicle to facilitate ongoing discovery.

Dated: September 22, 2010　　　　　　　　　　GREENBERG TAURIG, LLP


By: /s/ Kevin T. Collins
　　　Kevin T. Collins
　　　M. Theresa Tolentino Meehan
　　　Angela L. Diesch
　　　Attorneys for Defendant
　　　Dana Companies, LLC


Dated: September 16, 2010　　　　　　　　　　CHOLAKIAN & ASSOCIATES


By: [please see attached signature page]
　　　Kevin K. Cholakian
　　　Jennifer A. Kung
　　　Attorneys for Plaintiff
　　　Stonington Insurance Company

<u>ORDER</u>

Good cause appearing, the terms of this Protective Order are hereby adopted by the Court.

IT IS SO ORDERED

Dated:   September 22, 2010

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE