KEVIN K. CHOLAKIAN (S.B. #103423)
JENNIFER A. KUNG (S.B. #169364)
CHOLAKIAN & ASSOCIATES
A Professional Corporation
400 Oyster Point Blvd., Suite 415
South San Francisco, CA 94080
Phone (650) 871-9544
Fax (650) 871-9552
www.cholakianlaw.com

Attorneys for Plaintiff
STONINGTON INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STONINGTON INSURANCE COMPANY, | Case No.: 2:10-CV-01372-FCD-EFB |
| Plaintiff, | **STIPULATION AND PROTECTIVE ORDER** |
| vs. | |
| DANA COMPANIES LLC, and DOES 1 through 50, inclusive, | |
| Defendants. | |

WHEREAS, the parties recognize that preparation and trial of this action will require the discovery of records and other materials from third parties which contain confidential business, commercially sensitive or proprietary information that cannot be disclosed, except in a highly restricted fashion.  The parties desire to litigate this action without jeopardizing any third parties' business, commercial or proprietary interests in the confidentiality of this information; and

WHEREAS, the parties have agreed that a Protective Order should govern the production and use of PACCAR INC.'s confidential business, commercially sensitive or proprietary information.

251 036                                                    - 1 -

NOW THEREFORE, plaintiff Stonington Insurance Company, Defendant Dana Companies LLC, and third party PACCAR INC., by and through their counsel, stipulate as follows:

1. Third party PACCAR INC. or either party to this action shall have the right to designate as "CONFIDENTIAL" any document that it produces in this case, provided that it concerns non-public information, including design and manufacturing records, research and development information, commercial information relating to competitive consideration, or any other non-public, proprietary or confidential business information.  Any documents or information designated as "CONFIDENTIAL" shall have the legend "CONFIDENTIAL" placed on it and thereafter shall be treated pursuant to the provisions of this Stipulated Protective Order.

2. This Stipulated Protective Order shall govern "CONFIDENTIAL" material produced by PACCAR INC. in response to formal discovery, to wit: subpoena of business records, conducted in this matter.  Nothing in this Stipulated Protective Order shall be deemed to preclude PACCAR INC.'s right to oppose production of business records on grounds not addressed under the terms of this Stipulated Protective Order.

3. "CONFIDENTIAL" material shall be used by the parties and their counsel solely for the purpose of conducting the above-captioned litigation and shall not be communicated at any time, in any manner, directly or indirectly, to anyone other than a person qualified under the terms of this Stipulated Protective Order, as set forth in paragraph 4 below.  The attorneys of record for the parties are responsible for employing adequate and reasonable measures to ensure compliance with this Stipulated Protective Order.

4. Prior to trial, access to "CONFIDENTIAL" material and to the information contained therein (including extracts and summaries derived from such material) shall be

1 restricted to the following Qualified Persons:

2   (a) The attorneys working on this action on behalf of the parties, and their employees or agents working on this action;

  (b) The parties, their employees, officers and agents who are working on this action and whose assistance is required in the preparation of this matter for trial;

  (c) Experts and consultants who are employed or retained by any of the parties or their counsel, provided that they may not retain the "CONFIDENTIAL" material after that use has ended, and further provided that such experts and consultants are advised of the existence of this Stipulated Protective Order and given an opportunity to read it, and agree to treat such "CONFIDENTIAL" material~~s~~ in accordance with its terms;

  (d) Deposition witnesses, provided that they are advised of the existence of this Stipulated Protective Order and given an opportunity to read it, and agree to treat such "CONFIDENTIAL" material in accordance with its terms;

  (e) The Court and its support personnel and court reporters; and

  (f) Any person designated by mutual agreement of the parties, or by the Court in the interest of justice, upon such terms as the Court may deem proper.

5. Access to "CONFIDENTIAL" material~~s~~ shall not be given to any other person or entity not specifically described above, including to members of the general public or other attorneys.

6. Qualified P~~p~~ersons shall not include any organization or entity, or any representative thereof that regularly maintains and/or disseminates~~disseminated~~ documents or information regarding documents, including abstracts or summaries, or any other records as a service to its members, subscribers or others.

7. All "CONFIDENTIAL" materials shall be used for the purpose of this lawsuit only. No "CONFIDENTIAL" material will be produced, disclosed, or otherwise utilized in any other litigation, whether or not that litigation involves parties to this case.

8. Under no circumstances shall access to "CONFIDENTIAL" materials be granted to any employee of any competitor of PACCAR INC., or any person who has been affiliated with, employed by, or consulted with a competitor (or an entity in privity with a competitor) of PACCAR INC.

9. The inadvertent failure of PACCAR INC. to designate materials as "CONFIDENTIAL" at the time of production shall not constitute a waiver of PACCAR INC.'s claim to confidentiality as long as PACCAR INC. promptly designates such materials "CONFIDENTIAL" under the protection of this Stipulated Protective Order. The recipient of such documents agrees to cooperate with the producing party to remedy any inadvertent disclosure.

10. In the event that any "CONFIDENTIAL" material is in any way disclosed in any pleading, motion, deposition transcript, videotape, exhibit, photograph, or other material filed with any court, the parties shall seek to file the "CONFIDENTIAL" material under seal in accordance with Eastern District of California Local Rule 141. ~~the "CONFIDENTIAL" materials shall be filed in an attached sealed separate envelope containing the style of the case marked "CONFIDENTIAL MATERIAL PROTECTED BY COURT ORDER," dated and kept under seal by the clerk of that court until further court order. Such "CONFIDENTIAL" material shall, however, remain available to personnel authorized by that court and to authorized persons. When practicable, however, only the confidential portion of the pleadings filed with the court will be filed in a separate sealed envelope. If any "CONFIDENTIAL" material is furnished to~~

1  ~~any court by any party, a duplicate copy with the discrete "CONFIDENTIAL" material deleted~~

2  ~~may be substituted in the public record, if appropriate.~~

3   11. If any "CONFIDENTIAL" material is used or referred to during any deposition,

4  counsel, as appropriate, may require that only its representatives, authorized persons, the

5  deponent, the court reporter, and the camera operator~~operation~~ (if the deposition is videotaped)

6  shall be present for the portion of the deposition dealing with "CONFIDENTIAL" material.  If

7  "CONFIDENTIAL" material is used at the deposition, counsel for the parties to this lawsuit

8  shall designate by page and line the portions for which such claim is made, and give written

9  notice of this designation to the court reporter and all other parties.  This designation shall be

10 placed on the first page in the original and all copies of the deposition by the court reporter and

11 by counsel for the parties.  Pending such designation, the deposition and all exhibits shall be

12 treated in its entirety as "CONFIDENTIAL."  Those portions of the deposition which are

13 designated as "CONFIDENTIAL" shall be bound separately under seal and prominently marked

14 "CONFIDENTIAL MATERIAL SUBJECT TO STIPULATED PROTECTIVE ORDER."  The

15 portions of each deposition so designated shall be returned to PACCAR INC. upon final

16 termination of this action.

17  12. A party shall not be obligated to challenge the propriety of a confidentiality

18 designation at the time made, and its failure to do so shall not preclude a subsequent challenge to

19 such a designation.  If a party believes that a document or information designated or sought to be

20 designated confidential by the producing party does not warrant such designation, it shall first

21 make a good faith effort to resolve such dispute with counsel and PACCAR INC.  In the event

22 that such dispute cannot be resolved by the parties, the party disputing the designation has the

23 burden to apply to the Court for a determination~~determine~~ as to whether the designation is

1  appropriate.  The document or information shall be treated as confidential until the Court

2  resolves~~resolved~~ the matter.

3     13.   Plaintiff STONINGTON INSURANCE COPMANY hereby gives notice to third

4  party PACCAR INC. of the trial date in this matter which is set for January 10, 2012.  In the

5  event the trial date is continued or this matter settles, Plaintiff shall promptly notify PACCAR

6  INC.

7     14.   This Stipulated Protective Order does not cover "CONFIDENTIAL" material~~s~~

8  admitted at trial in this matter.  However, PACCAR INC. may seek Court assistance to place

9  such documents or information under seal or otherwise protect the same from~~form~~ public

10 disclosure, including requesting an order requiring the return of such documents.  The use or

11 admission of "CONFIDENTIAL" material~~s~~ at trial shall not affect the right of PACCAR INC. to

12 designate the same or similar material~~s~~ as "CONFIDENTIAL" in any other or subsequent

13 litigation, civil action or proceeding.  The parties shall give PACCAR INC. advance notice of

14 their intention to introduce any "CONFIDENTIAL" material~~s~~ into evidence at trial.

15    15.   Within thirty (30) days from and subsequent to the conclusion of this litigation,

16 including any appeals, either (a) by compromise settlement, (b) by stipulated dismissal, (c) by

17 entry of judgment, or (d) by conclusion of any appeals, whichever shall occur first, all

18 "CONFIDENTIAL" material~~s~~ and all copies, summaries, or excerpts thereof, shall be returned

19 to counsel for PACCAR INC.  Counsel for each party shall recover all "CONFIDENTIAL"

20 material~~s~~ from Qualified Persons to whom they distributed such material~~s~~ during the litigation

21 and return such documents to counsel for PACCAR INC. and certify in a Declaration or other

22 writing submitted under penalty of perjury, that all "CONFIDENTIAL" material has been

23 recovered and returned.

**STIPULATION AND  PROTECTIVE ORDER**

LAW OFFICES OF
CHOLAKIAN & ASSOCIATES
A PROFESSIONAL CORPORATION
400 OYSTER POINT BLVD., SUITE 415
SOUTH SAN FRANCISCO, CALIFORNIA

16. In the event that any recipient of "CONFIDENTIAL" material~~s~~ is served with a subpoena, documents requests or other requests for the production of "CONFIDENTIAL" material~~s~~, such recipient shall assert the existence of this Stipulated Protective Order and object to the production of such documents. The recipient of the request shall immediately notify PACCAR INC. and cooperate with PACCAR INC.'s counsel's attempt to quash or prevent such disclosure.

1<u>7</u>~~6~~. This Stipulated Protective Order shall survive the termination of this litigation and the Court shall retain jurisdiction over the parties, their attorneys, experts, agents and employees, to enforce the provisions hereof and/or modify or vacate this Stipulated Protective Order.

1<u>8</u>~~7~~. This Stipulated Protective Order represents a valid and binding agreement of the parties effective as of the date executed by their authorized representatives.

1<u>9</u>~~8~~. This Stipulated Protective Order shall not be used in any proceeding as evidence that the parties agree to its justification or necessity. This Stipulated Protective Order is merely a vehicle to facilitate ongoing discovery.

DATED: December 7, 2010              CHOLAKIAN & ASSOCIATES
                                     A Professional Corporation


                                     By___signature on original___
                                     Kevin K. Cholakian, Esq.
                                     Jennifer A. Kung, Esq.
                                     Attorneys for Plaintiff STONINGTON
                                     INSURANCE COMPANY

DATED: December 7, 2010              GREENBERK TRAURIG, LLP


                                     By___signature on original___
                                     Kevin T. Collins, Esq.

Angela L. Diesch, Esq.<br>
Attorneys for Defendant DANA COMPANIES LLC

DATED:  December 7, 2010                    PACCAR Inc.

signature on original<br>
By_____<br>
Mike Walton, Esq.<br>
Attorneys for Third Party PACCAR Inc.

## PROPOSED ORDER

GOOD CAUSE APPEARING, the terms of this Protective Order, as modified herein, are hereby adopted by the Court.

IT IS SO ORDERED.

Dated:   December 7, 2010

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

251 036                                                          - 8 -

**STIPULATION AND  PROTECTIVE ORDER**