M. THERESA TOLENTINO MEEHAN – SBN 204112
ANGELA L. DIESCH – SBN 256253
GREENBERG TAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA  95814-3938
Telephone:  (916) 442-1111
Facsimile:  (916) 448-1709
meehant@gtlaw.com
diescha@gtlaw.com

Attorneys for Defendant
Dana Companies, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| STONINGTON INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>DANA COMPANIES LLC; and DOES 1 through 50, inclusive,<br><br>    Defendants. | CASE NO.  2:10-cv-01372 KJM-EFB<br><br>STIPULATION AND ORDER CONTINUING THE HEARING ON THE MOTION TO COMPEL DENNIS MOODY, JACK THOMAS, AND RINEHART OIL TO PRODUCE DOCUMENTS RESPONSIVE TO THEIR RESPECTIVE SUBPOENAS |

STIPULATION AND ORDER

WHEREAS, a dispute has arisen, specifically Plaintiff Stonington Insurance Company's ("Plaintiff") insured Rinehart Oil, Inc. ("Rinehart") and its employees, Dennis Moody and Jack Thomas, object to the production of documents responsive to the respective subpoenas issued on them.  Additionally, Plaintiff objects to producing its person most knowledgeable ("PMK") on this matter in the State of California for deposition.  Instead, Plaintiff insists that Defendant must take the deposition at Plaintiff's place of business in Arkansas.

WHEREAS, the Parties submitted a joint statement regarding the dispute on March 30, 2011.

WHEREAS, on March 30, 2011, the Court issued a Minute Order ordering the Parties to further meet and confer regarding the discovery disputes and continued the hearing on the Motion to April 6, 2011.

WHEREAS, by telephone conference on March 31, 2011 ("March 31 Teleconference"), Rinehart and Jack Thomas agreed to produce documents responsive to the following requests:

1. Requests for Production to Rinehart Oil, Inc. Nos. 8, 14, 61, 62, 63, 70, and 71; and

2. Requests for Production to Jack Thomas Nos. 1 and 2; and

3. Requests for Production to Dennis Moody No. 2.

WHEREAS, during the March 31 Teleconference, Plaintiff's counsel represented that she had spoken to each of the deponents and has learned that certain responsive documents, although they once existed, no longer exist.  According to counsel, Rinehart purged responsive records and that Messers. Thomas and Moody did not retain any documents.  The relevant requests are:

1. Requests for Production to Rinehart Oil, Inc. Nos. 30, 34, 35, 66, 74, and 76;

2. Requests for Production to Jack Thomas No. 13; and

3. Requests for Production to Dennis Moody Nos. 8 and 12.

1    WHEREAS Plaintiff, its insured Rinehart, and Rinehart's employees, agree to amend
2    their respective discovery responses where the deponent claims responsive documents no
3    longer exist. Such amendments would include a description of Rinehart's policy of purging
4    records including when the category of records for each request were disposed, where they
5    were originally stored, what was searched to determine whether any responsive documents still
6    exist, and whether any backup documentation including, but not limited to electronically stored
7    information, exists of the purged records.

8    WHEREAS, during the March 31 Teleconference, Plaintiff's counsel represented that
9    the following responses would be amended to reflect that no documents ever existed:

10   1.   Requests for Production to Rinehart Oil, Inc. Nos. 46 and 49;
11   2.   Requests for Production to Jack Thomas Nos. 3, 20, 21, and 22; and
12   3.   Requests for Production to Dennis Moody Nos. 18, 20, 21, and 22.

13   WHEREAS, after additional meet and confer, the Parties have yet resolve their dispute
14   regarding the following requests:

15   1.   Requests for Production to Rinehart Oil, Inc. Nos. 59.

16   WHEREAS, after additional meet and confer, the Parties did not resolve their dispute of
17   whether Plaintiff's PMK must appear in Sacramento, California for deposition and wish to
18   submit the dispute to the Court.

19   WHEREAS, the Parties agree to proceed with the April 6, 2011, hearing on the motion
20   to compel on the issue of whether Plaintiff must produce its PMK for deposition in Sacramento,
21   California, where the case is venued.

22   WHEREAS, the Parties agree to continue the motion to compel with respect to the
23   production of documents responsive to the subpoenas served on Plaintiff's insured Rinehart,
24   Dennis Moody, and Jack Thomas to provide them time to amend the discovery responses and
25   to produce documents as described above.

26   WHEREAS, the Parties have tentatively agreed to the following deposition schedule:
27   Dennis Moody (April 18, 2011); Jack Thomas (April 19, 2011); Rinehart Oil, Inc.'s PMK
28

(April 20, 2011); Rinehart Oil, Inc.'s other drivers (May 4-5, 2011); and Plaintiff's PMK (to be determined at a mutually agreeable time to take place before May 6, 2011).

WHEREAS, Plaintiff's counsel will confirm the availability of the deponents no later than Tuesday, April 12, 2011.  If the deponents are not available on the above dates, counsel will immediately provide alternative dates of availability for their deposition to take place within one week of the originally scheduled dates above.  Any rescheduled deposition will take place prior to May 6, 2011.

WHEREAS, neither party will be prejudiced by moving the hearing date for the motion to compel the production of documents responsive to the respective deposition subpoenas to provide time to amend written discovery responses and to produce the responsive documents.

WHEREAS, the Parties agree not to object to the renewal of the motion to compel and further agree to stipulate to a hearing on shortened time on the renewed motion to compel if the deposition testimony of the deponents regarding the existence and location of responsive documents is not consistent with Plaintiff's counsel's representations and if it appears from the deposition testimony that additional responsive documents are in the possession of Plaintiff, the deponents, or Rinehart.  If additional documents exist, the deponents will produce those responsive documents no later than April 25, 2011.  If not produced, the Parties will stipulate to a Motion to Compel further responses to be heard on April 29, 2011.

WHEREAS, the Parties have agreed to continue settlement discussions and Plaintiff will provide a settlement demand.

NOW THEREFORE, the Parties, including Rinehart, Dennis Moody, and Jack Thomas, by and through their counsel, stipulate as follows:

1.   Plaintiff will provide a detailed settlement demand on or before Friday, April 8, 2011.

2.   Amended responses to the respective deposition subpoenas for Rinehart, Dennis Moody, and Jack Thomas and additional responsive documents consistent with the recitals above, will be hand delivered for receipt no later than 10 a.m., on Tuesday, April 12, 2011.

3. Defendant's Motion to Compel with respect to the production of documents responsive to the respective subpoenas served on Rinehart, Dennis Moody, and Jack Thomas will be continued to Thursday, April 14, 2011, or as soon thereafter as possible.

4. The Parties will continue the meet and confer process and submit to the Court either a revised joint statement narrowing the issues before the Court or a notice regarding which issues the Parties have resolved on or before April 12, 2011.

5. The Parties will complete the depositions of Rinehart, Dennis Moody, and Jack Thomas after receipt of the amended responses and supplemental document production on April 12, 2011.

6. If the deposition testimony of the deponents is inconsistent with the representations made by Plaintiff's counsel regarding the existence and destruction of the responsive documents, the Parties will stipulate to a hearing on shortened time for a renewed motion to compel to be heard on April 29, 2011, or as soon thereafter as the court orders, and a further limited extension to the discovery cut-off if Defendant determines that such motion is necessary.

7. Defendant's Motion to Compel limited to the issue of whether Plaintiff must produce its PMK for deposition in California will be heard on April 6, 2011, as the Court originally ordered on March 30, 2011.  (ECF No. 34.)

Dated:  April 1, 2011                                    GREENBERG TRAURIG, LLP


                                                         By: /s/ Angela L. Diesch
                                                             M. Theresa Tolentino Meehan
                                                             Angela L. Diesch
                                                             Attorneys for Defendant
                                                             Dana Companies, LLC

Dated:  April 1, 2011                                    CHOLAKIAN & ASSOCIATES


                                                         By: /s/ Jennifer A. Kung
                                                             Kevin K. Cholakian
                                                             Jennifer A. Kung
                                                             Attorneys for Plaintiff
                                                             Stonington Insurance Company

ORDER

Based on the parties' stipulation, it is hereby ordered that:

1. The hearing on Defendant's Motion to Compel with respect to the production of documents responsive to the subpoenas served on Rinehart, Dennis Moody, and Jack Thomas is continued to April 20, 2011 at 10:00 a.m. in Courtroom No. 24.

2. The Parties are directed to continue the meet and confer process and to file, on or before 4:00 p.m. on Wednesday, April 13, 2011, either a revised joint statement narrowing the issues before the Court or a notice regarding which issues the Parties have resolved.

3. Defendant's Motion to Compel the appearance of Plaintiff's PMK in Sacramento, California, remains scheduled for April 6, 2011, at 10:00 a.m. in Courtroom 24 before Magistrate Judge Edmund F. Brennan.

IT IS SO ORDERED.

Dated: April 4, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE