M. THERESA TOLENTINO MEEHAN – SBN 204112
ANGELA L. DIESCH – SBN 256253
GREENBERG TAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA 95814-3938
Telephone: (916) 442-1111
Facsimile: (916) 448-1709
meehant@gtlaw.com
diescha@gtlaw.com

Attorneys for Defendant
Dana Companies, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| STONINGTON INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>DANA COMPANIES LLC; and DOES 1 through 50, inclusive,<br><br>    Defendants. | CASE NO. 2:10-cv-01372 KJM-EFB<br><br>STIPULATION AND PROTECTIVE ORDER |

STIPULATION AND PROTECTIVE ORDER

WHEREAS, the parties recognize that preparation and trial of this action will require the discovery of records and other materials from third parties which contain confidential business, commercially sensitive or proprietary information that cannot be disclosed, except in a highly restricted fashion. The parties desire to litigate this action without jeopardizing any third parties' business interests in the confidentiality of this information; and

WHEREAS, the parties have agreed that a Protective Order should govern the production and use of Rinehart Oil, Inc.'s and its employees' confidential business, commercially sensitive, or proprietary information.

NOW THEREFORE, Plaintiff, Stonington Insurance Company, and Defendant Dana Companies LLC, by and through their counsel, and third party Rinehart Oil, Inc. and its employees stipulate as follows:

1. Third party Rinehart Oil, Inc. or either party to this action shall have the right to designate as "CONFIDENTIAL" any document, interrogatory answer, response to request for admission, deposition or other testimony that it gives or produces in this case, provided that it concerns, non public information, including design and manufacturing records, research and development information, commercial information relating to competitive consideration, or any other non-public, proprietary or confidential business information. Any documents or information designated as "CONFIDENTIAL" (hereinafter "Confidential Material") shall have the legend "CONFIDENTIAL" placed on it and thereafter shall be treated pursuant to the provisions of this Stipulated Protective Order.

2. This Stipulated Protective Order shall govern Confidential Material produced or disclosed by Rinehart Oil, Inc. or its employees in response to formal discovery, to wit: subpoena of records conducted in this matter. Nothing in this Stipulated Protective Order shall be deemed to preclude Rinehart Oil, Inc.'s or its employees' right to oppose discovery on grounds not addressed under the terms of this Stipulated Protective Order; or.

3.  Confidential Material shall be used by the parties and their counsel solely for the purpose of conducting the above-captioned litigation and shall not be communicated at any time, in any manner, directly or indirectly, to anyone other than a person qualified under the terms of this Stipulated Protective Order, as set forth in paragraph 4, below.  The attorneys of record for the parties are responsible for employing adequate and reasonable measures to ensure compliance with this Stipulated Protective Order.

4.  Prior to trial, access to Confidential Material and to the information contained therein (including extracts and summaries derived from such material) shall be restricted to the following Qualified Persons:

   a. The attorneys working on this action on behalf of the parties, and their employees or agents working on this action;

   b. The parties, their employees, officers and agents who are working on this action and whose assistance is required in the preparation of this matter for trial;

   c. Experts and consultants who are employed or retained by any of the parties or their counsel, provided that they may not retain the Confidential Material after that use has ended, and further provided that such experts and consultants are advised of the existence of this Stipulated Protective Order and given an opportunity to read it, and agree to treat such Confidential Material in accordance with its terms;

   d. Deposition witnesses, provided that they are advised of the existence of this Stipulated Protective Order and given an opportunity to read it, and agree to treat such Confidential Material in accordance with its terms;

   e. The Court and its support personnel and court reporters; and

   f. Any person designated by mutual agreement of the parties, or by the court in the interest of justice, upon such terms as the court may deem proper.

5.  Access to Confidential Material shall not be given to any other person or entity not specifically described above, including to members of the general public or other attorneys.

6. Qualified persons shall not include any organization or entity, or any representative thereof that regularly maintains and/or disseminates documents or information regarding documents, including abstracts or summaries, or any other records as a service to its members, subscribers, or others.

7. All Confidential Material shall be used for the purpose of this lawsuit only. No Confidential Material will be produced, disclosed, or otherwise utilized in any other litigation, whether or not that litigation involves parties to this case.

8. Under no circumstances shall access to Confidential Material be granted to any employee of any competitor of Rinehart Oil, Inc., or any person who has been affiliated with, employed by, or consulted with a competitor (or an entity in privity with a competitor) of Rinehart Oil, Inc.

9. The inadvertent failure of Rinehart Oil, Inc. to designate discovery material as Confidential Material at the time of production shall not constitute a waiver of Rinehart Oil, Inc.'s claim to confidentiality as long as Rinehart Oil, Inc. promptly designates such material as Confidential Material under the protection of this Stipulated Protective Order. The recipient of such documents agrees to cooperate with the producing party to remedy any inadvertent disclosure.

10. In the event that any Confidential Material is in any way to be disclosed in any pleading, motion, deposition transcript, videotape, exhibit, photograph, or other material filed with any court, ~~the Confidential Material shall be filed in an attached sealed separate envelope containing the style of the case marked "CONFIDENTIAL MATERIAL Protected by Court Order," dated and kept under seal by the clerk of that court until further court order. Such Confidential Material shall, however, remain available to personnel authorized by that court and to authorized persons. When practicable, however, only the confidential portion of the pleadings filed with the court will be filed in a separate sealed envelope. If any Confidential Material is furnished to any court by any party, a duplicate copy with the discrete Confidential Material deleted may be substituted in the public record, if appropriate.~~ the party seeking to

include the Confidential Material shall file a request to seal the Confidential Material in accordance with Eastern District of California Local Rule 141.

11. If any Confidential Material is used or referred to during any deposition, counsel for the parties to this lawsuit, as appropriate, may require that only its representatives, authorized persons, the deponent, the court reporter, and the camera operator (if the deposition is videotaped) shall be present for the portion of the deposition dealing with Confidential Material. Counsel for the parties to this lawsuit shall state on the record at the deposition, that the deposition includes information claimed to be Confidential Material. Within thirty (30) days of receipt of the completed deposition transcript, counsel for Plaintiff shall designate by page and line the portions for which such claim is made, and give written notice of this designation to the court reporter and all other parties. This designation shall be placed on the first page in the original and all copies of the deposition by the court reporter and by counsel for the parties. Pending such designation, the deposition and all exhibits shall be treated in its entirety as Confidential Material. Those portions of the deposition which are designated as Confidential Material shall be bound separately under seal and prominently marked "Confidential Material subject to Stipulated Protective Order." The portions of each deposition so designated shall be returned to trial counsel for Plaintiff upon final termination of this action.

12. A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and its failure to do so shall not preclude a subsequent challenge to such a designation. If a party believes that a document or information designated or sought to be designated confidential by the producing party does not warrant such designation, it shall first make a good faith effort to resolve such dispute with opposing counsel. In the event that such dispute cannot be resolved by the parties, plaintiff has the burden to apply to the Court for a determination as to whether the designation is appropriate. The document or information shall be treated as confidential until the Court resolves the matter.

13. Plaintiff Stonington hereby gives notice to third party Rinehart Oil, Inc. of the trial date in this matter which is set for January 10, 2012. In the event the trial date is continued or this matter settles, Plaintiff shall promptly notify Rinehart Oil, Inc.

14. This Stipulated Protective Order does not cover Confidential Material admitted at trial in this matter. However, Rinehart Oil, Inc. may seek Court assistance to place such documents or information under seal or otherwise protect the same from public disclosure, including requesting an order requiring return of any such documents, as provided in Eastern District of California Local Rule 141.1(b)(2). The use or admission of Confidential Material at trial shall not affect the right of Rinehart Oil, Inc. to designate the same or similar materials as Confidential Material in any other or subsequent litigation, civil action or proceeding.

15. Within thirty (30) days from and subsequent to the conclusion of this litigation, including any appeals, either (a) by compromise settlement, (b) by stipulated dismissal, (c) by entry of judgment, or (d) by conclusion of any appeals, whichever shall occur first, all Confidential Material and all copies, summaries, or excerpts thereof, shall be returned to counsel for Rinehart Oil, Inc. Counsel for each party shall recover all Confidential Material from Qualified Persons to whom they distributed such materials during the litigation and return such documents to counsel for Plaintiff and certify in a Declaration or other writing submitted under penalty of perjury, that all Confidential Material has been recovered and returned.

16. In the event that any recipient of Confidential Material is served with a subpoena, document requests or other request for the production of Confidential Material, such recipient shall assert the existence of this Stipulated Protective Order and object to the production of such documents. The recipient of the request shall immediately notify Rinehart Oil, Inc. and cooperate with Rinehart Oil, Inc.'s counsel's attempt to quash or prevent such disclosure.

17. This Stipulated Protective Order shall survive the termination of this litigation and the Court shall retain jurisdiction over the parties, their attorneys, experts, agents and employees, to enforce the provisions hereof and/or modify or vacate this Stipulated Protective Order.

18. This Stipulated Protective Order represents a valid and binding agreement of the parties effective as of the date executed by their authorized representatives.

19. This Stipulated Protective Order shall not be used in any proceeding as evidence that the parties agree to its justification or necessity. This Stipulated Protective Order is merely a vehicle to facilitate ongoing discovery.

Dated: April 1, 2011                                          GREENBERG TRAURIG, LLP


By: /s/ Angela L. Diesch
M. Theresa Tolentino Meehan
Angela L. Diesch
Attorneys for Defendant
Dana Companies, LLC

Dated: April 1, 2011                                          CHOLAKIAN & ASSOCIATES


By: /s/ Jennifer A. Kung
Kevin K. Cholakian
Jennifer A. Kung
Attorneys for Plaintiff
Stonington Insurance Company

## ORDER

Good cause appearing, the terms of this Protective Order are hereby adopted by the Court.

IT IS SO ORDERED

Dated: April 4, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE