IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STONINGTON INSURANCE COMPANY,

      Plaintiff,                                   No. CIV S-10-1372 KJM EFB

      vs.

DANA COMPANIES, LLC,

      Defendant.                             <u>ORDER</u>

                                       /

On April 6, 2011, the court heard defendant's motion to compel plaintiff's person most knowledgeable to appear for deposition in Sacramento, California. Dckt. Nos. 22, 40. Attorney Jennifer Kung appeared telephonically on behalf of plaintiff. Defendant's counsel failed to appear.

At the hearing, plaintiff's counsel indicated that the parties reached an agreement earlier this morning regarding the dispute at hand.[1] Specifically, plaintiff's counsel agreed that plaintiff's person most knowledgeable would fly to Sacramento for deposition. Although plaintiff's counsel indicated that defendant's counsel desired to continue the matter rather than

---

[1] At the hearing, plaintiff's counsel indicated that the agreement was confirmed via email. In light of that representation, plaintiff's counsel was directed to file a copy of the email confirming the parties' agreement.

1

withdraw it, in light of the parties' agreement, the motion is denied as moot.  Additionally, the parties are admonished that, in the future, if they are able to resolve a matter that is set before the court, they shall notify the court of that resolution immediately rather than waste the court's time preparing for an unnecessary hearing.

Further, at the hearing, the court indicated that it would be ordering defendant's counsel to show cause why she should not be sanctioned for failing to appear at the hearing.  *See* E.D. Cal. L.R. 110 ("Failure of counsel or of a party to comply with [the Local] Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); *see also* L.R. 230(i) ("Absent notice of intent to submit the matter on the briefs, failure to appear may be deemed withdrawal of the motion or of opposition to the motion, in the discretion of the Court, or may result in the imposition of sanctions.").  Shortly after the hearing, however, defendant's counsel Angela Diesch filed a declaration regarding her absence at the hearing.  Dckt. No. 45.  In light of that declaration, the court declines to impose sanctions at this time.

SO ORDERED.

DATED: April 6, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE