M. THERESA TOLENTINO MEEHAN – SBN 204112
meehant@gtlaw.com
ANGELA L. DIESCH – SBN 256253
diescha@gtlaw.com
GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA  95814-3938
Telephone:  (916) 442-1111
Facsimile:  (916) 448-1709

Attorneys for Defendant
Dana Companies, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| STONINGTON INSURANCE COMPANY,<br><br>　　　Plaintiff,<br><br>v.<br><br>DANA COMPANIES LLC; and DOES 1 through 50, inclusive,<br><br>　　　Defendants. | CASE NO.  2:10-cv-01372 KJM-EFB<br><br>STIPULATION AND ORDER TAKING THE HEARING ON THE MOTION TO COMPEL DENNIS MOODY, JACK THOMAS, AND RINEHART OIL TO PRODUCE DOCUMENTS RESPONSIVE TO THEIR RESPECTIVE SUBPOENAS OFF CALENDAR |

## STIPULATION AND ORDER

WHEREAS, the hearing on Defendant Dana Companies, LLC's motion to compel the production of documents responsive to the respective subpoenas served on Plaintiff Stonington Insurance Company's ("Plaintiff") insured Rinehart Oil, Inc. ("Rinehart") and its employees, Dennis Moody and Jack Thomas is scheduled for April 20, 2011.

WHEREAS, during a telephone conference on March 31, 2011 ("March 31 Teleconference"), Plaintiff's counsel represented that she had spoken to each of the deponents and had learned that certain responsive documents, although they once existed, no longer exist. According to counsel, Rinehart purged responsive records and that Messers. Thomas and Moody did not retain any documents.  The relevant requests are:

1.	Requests for Production to Rinehart Oil, Inc. Nos. 30, 34, 35, 66, 74, and 76;

2.	Requests for Production to Jack Thomas No. 13; and

3.	Requests for Production to Dennis Moody Nos. 8 and 12.

WHEREAS Plaintiff, its insured Rinehart, and Rinehart's employees, agreed to amend their respective discovery responses where the deponent claims responsive documents no longer exist no later than 10 a.m. on Tuesday, April 12, 2011.

WHEREAS, on April 12, 2011, Plaintiff's counsel informed Defense counsel that the documents that she previously represented did not exist, did in fact exist, and were being produced on a DVD disc on April 12, 2011, and that additional documents were also being retrieved and would be produced by the end of the week by April 15, 2011.

WHEREAS, on April 12, 2011, Defense counsel received a DVD via overnight mail that contained one .pdf file totaling 600 megabytes (which amounts to over 3,000 pages of documents).  Unfortunately the large size of the single .pdf caused the computer to freeze when opening, which prevented Defense counsel from confirming whether the produced documents are as described in the supplemental written responses of Rinehart and its employees. Plaintiff's counsel offered to print the documents for Defense counsel.  To save time, this morning Defense counsel sent the DVD to a vendor to have the file broken up into smaller files.

WHEREAS, in the spirit of discovery and to prevent further inconvenience to the Court in scheduling further continuances, Defendant has agreed to withdraw its motion to compel contingent upon Plaintiff's stipulation that it will not object to Defendant renewing its Motion if after reviewing the newly produced voluminous documents and taking the depositions of Rinehart and its employees, Defendant determines there are inconsistencies in the representations made thus far regarding the existence of additional documents and that it is necessary to compel further production prior to the close of expert discovery.

WHEREAS, the Parties are currently engaged in settlement discussions and wish to avoid the sudden accumulation of fees and costs associated with a rush review of the voluminous documents prior to the current expert witness disclosure deadline of April 15, 2011. Therefore, the parties filed with Judge Kimberly Mueller a stipulation and proposed order to extend the expert discovery deadlines to provide the experts an opportunity to review and consider the newly produced voluminous documents, as well as the deposition testimony of the witnesses. (ECF No. 49.)

WHEREAS, neither party will be prejudiced by taking the hearing on motion to compel off calendar to provide Defendant and both parties' expert witness time to review the voluminous documents which were previously represented as not existing.

NOW THEREFORE, the Parties, including Rinehart, Dennis Moody, and Jack Thomas, by and through their counsel, stipulate as follows:

1.  The April 20, 2011, hearing on Defendant's Motion to Compel will be taken off calendar.

2.  The Parties agree not to object to the renewal of the motion to compel.

3.  If the deposition testimony of the deponents regarding the existence and location of responsive documents is inconsistent with Plaintiff's counsel's representations, or if it appears from the deposition testimony and a review of the produced documents that additional responsive documents are in the possession of Plaintiff or the deponents, the additional documents will be produced no later than May 6, 2011. In the event additional time is needed

to produce additional documents, the parties will meet and confer prior to Defendant filing its renewed motion to compel.

4. If not produced, the Parties will stipulate to a further limited extension to the discovery cut-off if Defendant determines that such motion is necessary, and to have the Motion to Compel further responses heard on shortened time, but in any event prior to the expert discovery cut-off.

Dated: April 13, 2011                           GREENBERG TRAURIG, LLP

By: /s/ Angela L. Diesch
    M. Theresa Tolentino Meehan
    Angela L. Diesch
    Attorneys for Defendant
    Dana Companies, LLC

Dated: April 13, 2011                           CHOLAKIAN & ASSOCIATES

By: /s/ Jennifer A. Kung
    Kevin K. Cholakian
    Jennifer A. Kung
    Attorneys for Plaintiff
    Stonington Insurance Company

## ORDER

IT IS SO ORDERED. The April 20, 2011 hearing on defendant's motion to compel is vacated. Additionally, defendant's request to appear telephonically at the April 20 hearing, Dckt. No. 48, is denied as moot.

Dated: April 14, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

SAC 441,962,081 v1 127352.010100         3         Case No. 2:10-cv-01372-KJM-EFB
STIPULATION AND [PROPOSED] ORDER